Electronically FILED by Superior Court of California, County of Los Angeles on 01/03/2019 03:28 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk

19STCV00345
Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Marc Gross

GIRARDI KEESE
JAMES G. O'CALLAHAN, STATE BAR #126975
jgocallahan@girardikeese.com
cteeman@girardikeese.com
1126 Wilshire Blvd.
Los Angeles, CA 90017
Telephone: (213) 977-0211
Facsimile: (213) 481-1554

Attorneys for Plaintiffs

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

IN THE COUNTY OF LOS ANGELES

TERENCE M. MAGRATH, KAYLA M. MAGRATH and MICHAEL T. MAGRATH,

Plaintiffs,

vs.

MEDTRONIC MINIMED, INC., a Delaware corporation; MEDTRONIC, INC., a Minnesota corporation; and DOES 1 through 100, inclusive,

Defendants.

Case No.:

**COMPLAINT FOR DAMAGES:**

1. **Strict Products Liability**
2. **Negligent Products Liability**
3. **Implied Breach of Warranties**

**DEMAND FOR JURY TRIAL**

Plaintiffs TERENCE M. MAGRATH, KAYLA M. MAGRATH and MICHAEL T. MAGRATH, by and through their counsel, allege as follows:

**PARTIES**

1. Decedent Tina Magrath was an individual residing in the County of Kent, State of Rhode Island.

2. Plaintiff Terence Magrath is, and at all times mentioned herein was, a resident of the County of Kent, State of Rhode Island. Terence Magrath was the lawful husband of the decedent, Tina Magrath.

3. Plaintiff Kayla M. Magrath is, and at all times mentioned herein was, a resident of New York City, State of New York. She was the daughter of the deceased, Tina Magrath.

4. Plaintiff Michael T. Magrath is the son of the deceased and was a resident of the County of Kent, State of Rhode Island.

5. Defendant Medtronic MiniMed, Inc. is, and at all times mentioned herein was, a Delaware corporation, with its principal place of business at 18000 Devonshire Street, in the City of Northridge, County of Los Angeles.

6. Defendant Medtronic, Inc. is, and at all times mentioned herein was, a Delaware corporation, with its principal place of business in the State of Minnesota, City of Minneapolis. Defendant Medtronic, Inc. is the parent corporation and sole owner of Defendant Medtronic MiniMed, Inc., and Defendant Medtronic, Inc. is registered to do business in California and regularly conducts business in the County of Los Angeles. Medtronic MiniMed designed, manufactured and assembled the subject 530G Ensite Insulin Pump in Los Angeles County, State of California.

7. Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES 1 through 100 and therefore sue these defendants by such fictitious names pursuant to Code of Civil Procedure section 474. Plaintiffs are informed and believe, and upon such information and belief allege, that each of the defendants designated as a DOE are legally responsible in some manner for the events and happenings hereinafter referred to, and caused damages thereby as hereinafter alleged. Plaintiffs will seek leave of the Court to amend this complaint to show the true names and capacities of defendants, and each of them, designated as DOES when the same have been ascertained.

8. At all times mentioned herein, defendants, and each of them, were agents and employees of each of their codefendants, and in doing the things herein mentioned, were acting in the scope of their authority and employment as such agents and employees, and with the permission and consent of their co-defendants.

## JURISDICTION

9. This Court has jurisdiction over all causes of action asserted herein. Defendant Medtronic MiniMed, Inc.'s principal place of business is in the City of Northridge, County of Los Angeles, where Medtronic MiniMed, Inc. regularly conducts business. Similarly, Defendant Medtronic, Inc. regularly conducts business in the County of Los Angeles. All Defendants have sufficient minimum contacts in California or otherwise intentionally avails itself of the California market and its consumers through, without limitation, Defendants' design, manufacture, advertisement, promotion, marketing, sales, and distribution of the Medtronic MiniMed, Inc. 530G Insulin Pump and MiniMed with Enlite Sensor and related components, and/or other business activities, in the State of California so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

## VENUE

10. Venue is proper in Los Angeles County under Code of Civil Procedure section 395, subdivision (a), because this Court is a court of competent jurisdiction; Defendant Medtronic MiniMed resides in this county; all other Defendants conduct substantial business in this county; a portion of Defendants' liability arose in this county; and a substantial part of the events or omissions giving rise to this action occurred in this county. Further, a stipulation

extending the California State of Limitations for wrongful death to January 7, 2019 was entered into by the legal representatives of the defendants on or about June 15, 2016.

## BACKGROUND

11. This case is about Decedent Tina Magrath's use of a defective Medtronic MiniMed, Inc. 530G Insulin Pump with Enlite Sensor ("530G"). Defendant Medtronic MiniMed, Inc. recalled the previous iterations of the 530G in 2014 and 2015.

12. The recall was predicated on the propensity of the 530G to deliver more insulin to the user than was desired or needed. In spite of efforts to correct this defect, defendant Medtronic MiniMed continued to receive complaints that the 530G failed to function properly and that the Enlite sensor inaccurately calculated blood glucose levels, resulting in the delivery of inappropriate quantities of insulin.

13. Tina Magrath died while using his Medtronic MiniMed, Inc. 530G Insulin Pump (“MiniMed Insulin Pump”) and Enlite Sensor on July 16, 2016. Ms. Magrath died from cardio respiratory arrest, due to diabetes.

## FIRST CAUSE OF ACTION

**(Strict Products Liability against all Defendants and DOES 1 through 100)**

14. Plaintiffs incorporate and re-allege each and every paragraph of this Complaint and incorporates them herein by reference as though set forth in full.

15. Defendant Medtronic MiniMed, Inc. is and at all times mentioned herein was engaged in the business of designing, manufacturing, assembling, testing, inspecting, labeling, distributing, promoting, and selling for retail in the State of California insulin pumps, insulin sensors and related components including, without limitation, MiniMed 530G Insulin Pump and Enlite Sensor, which Defendant Medtronic MiniMed, Inc. sold and distributed with

knowledge that said products and related components would be purchased and used without inspection.

16. Defendant Medtronic, Inc. is and at all times mentioned herein was engaged in the business of designing, manufacturing, assembling, testing, inspecting, labeling, distributing, promoting, and selling for retail in the State of California insulin pumps, insulin sensors and their related components including, without limitation, the MiniMed 530G Insulin Pump and Enlite Sensor, which Defendant Medtronic, Inc. sold and distributed with knowledge that said products and related components would be purchased and used without inspection.

17. Plaintiffs are informed, believe and thereon allege that at all times mentioned herein, Defendant Medtronic Minimed, Inc. and Defendant Medtronic, Inc.'s insulin pumps, insulin sensors and related components were defective and dangerous, both in manufacture and in design, in that said products and related components were likely to cause serious injury, death, and damage to users, rendering them unsafe for their intended use.

18. On July 15, 2016, while Decedent, Tina Magrath, was using the MiniMed 530G Insulin Pump and Enlite Sensor in the manner and for the purpose for which it was intended or that was reasonably foreseeable, and because of its defective condition, and as a legal result, Decedent suffered fatal injuries.

19. Plaintiffs are informed, believe and thereon allege that at the time of the incident complained of, said products and related components were in the same condition as they were when said products and related components left Defendants' possession and up until Decedent's death.

20. At all times mentioned herein, Defendants knew, or should have known at the time said insulin pumps, insulin sensors and related components left Defendants position and up until Decedent's death, that said products and related component were defective in design and in manufacture, and did not meet a reasonable expectation of safety when used in a reasonably foreseeable manner, were dangerous, defective, unfit, and unsafe for their intended use and were likely to cause injury to persons who used Defendants' insulin pumps, insulin sensors and related components.

21. As a proximate result of the defects alleged herein, Decedent, Tina Magrath, suffered fatal injuries all in a sum according to proof.

22. At all times mentioned herein, Defendants knew, or through the use of reasonable and ordinary care should have known, that at the time the insulin pumps, insulin sensors and related components left Defendants' possession, said products and related components were defective in manufacture and in design, likely to perform unsafely in a manner unanticipated by a prudent user, and having such knowledge, Defendants should have used reasonable and ordinary care to warn, or give adequate warning to those intending to use said products and related components in a reasonably foreseeable and intended manner, and that said products and related components contained manufacture, design, and operational defects.

23. At all times mentioned herein, Defendants failed to use reasonable care to warn, give adequate warning or provide facts describing said products' and related components' dangerous propensities to persons whom defendants could reasonably expect to be ultimate consumers of said products and related components: consumers and patients diagnosed with and suffering from diabetes.

24. As a direct and proximate result of the failure to use reasonable care to warn or give adequate warning of the defective condition and dangerous characteristics of the insulin pumps, insulin sensors and related components when used in their intended manner, Decedent, Tina Magrath suffered fatal injuries.

25. Defendants and each of them had a duty to warn Decedent and her physicians about the latent defects in and the dangers associated with using said products and related components. Plaintiffs are informed, believe and thereon allege that Defendants knew, or in the exercise of ordinary care should have known, that said products and related components at issue contained such latent defects while in Defendants' possession and control, up until the time of Decedent's death.

26. As a direct and proximate result of Defendants' failure to use reasonable care to warn or give adequate warning of the defective conditions and dangerous characteristics of the said products and related components including, without limited to, the MiniMed 530G Insulin Pump and Enlite Sensor, when used in their intended manner, Decedent, Tina Magrath, suffered fatal injuries all in a sum according to proof.

**SECOND CAUSE OF ACTION**

**(Negligent Products Liability against all Defendants and Does 1 through 100)**

27. Plaintiffs incorporate and re-allege each and every paragraph of this Complaint and incorporates them herein by reference as though set forth in full.

28. Defendant Medtronic MiniMed, Inc. is and at all times mentioned herein was engaged in the business of designing, manufacturing, assembling, testing, inspecting, labeling, distributing, promoting, and selling for retail in the State of California insulin pumps, insulin sensors and related components including, without limitation, the MiniMed 530G Insulin

Pump and Enlite Sensor, which were sold and distributed with knowledge that said products and related components would be purchased and used without inspection.

29. Defendant Medtronic, Inc. is and at all times mentioned herein was engaged in the business of designing, manufacturing, assembling, testing, inspecting, labeling, distributing, promoting, and selling for retail in the State of California insulin pumps, insulin sensors and related components including, without limitation, the MiniMed 530G Insulin Pump and Enlite Sensor, which were sold and distributed with knowledge that said products and components would be purchased and used without inspection.

30. At all times mentioned herein, Defendants negligently produced, manufactured, assembled, designed, inspected, labeled, distributed, and sold insulin pumps, insulin sensors and related components in a defective and dangerous condition.

31. At all relevant times, Defendants and each of them had a duty to ensure that the insulin pumps, insulin sensors and related components were free from defects and reasonably suitable for their intended uses before placing said products into the stream of commerce, and that said products and related components contained adequate warnings and instructions for their proper and intended use, and that said products and related components conformed to and performed in accordance with the regulations set forth by the Food and Drug Administration ("FDA").

32. Defendants and each of them had a duty to conform and manufacture their products in accordance with federal law and with applicable provision of the Food and Drug Cosmetics Act ("FDCA"), including the Current Good Manufacturing Practice requirements under 21 C.F.R part 820 et seq., which governs "the methods used in, and the facilities and control for, the design, manufacture, packaging, labeling, storage, installation, and servicing of

all finished devices intended for human use." These laws and regulations were enacted to protect persons and consumers such as Decedent, Tina Magrath.

33. At all relevant times, Defendants were conducting business in violation of applicable federal regulations, including the FDCA and 21 C.F.R. part 820 et seq.

34. Defendants breached their duty to Decedent and the public by failing to conduct its business in accordance with applicable regulations, and by failing to design, manufacture, produce, assemble, distribute, and sell insulin pumps, insulin sensors and related components so as to avoid the safety defects which were reasonably unanticipated by a prudent and foreseeable consumer, such as Decedent.

35. Further, Defendants and each of them breached their duty to Decedent and the public by failing to warn them of the products' and related component's dangerous operational characteristics, so as to avoid those dangerous characteristics and other safety defects, which were reasonably unanticipated by a prudent and foreseeable consumer, such as Decedent.

36. As a direct and proximate result of the negligent conduct of Defendants, Decedent, Tina Magrath, suffered fatal injuries all in a sum according to proof.

## THIRD CAUSE OF ACTION

**(Breach of Implied Warranties against all Defendants and DOES 1 though 100)**

37. Plaintiffs incorporate and re-allege each and every paragraph of this Complaint and incorporates them herein by reference as though set forth in full.

38. Defendants Medtronic MiniMed, Inc. and Medtronic Inc. impliedly warranted to Decedent, Tina Magrath, and her physicians that the MiniMed 530G Insulin Pump and Enlite Sensor were of merchantable quality and safe and fit for their intended use.

39. Decedent and her physicians were unskilled in the research, design, and manufacture of the MiniMed 530G Insulin Pump and Enlite Sensor, and Decedent and her physicians reasonably relied entirely on the judgment, skill, care, and implied warranty of Defendants in using said products and related components.

40. Defendants by selling, delivering, and/or distributing the defective 530G Insulin Pump and Enlite Sensor breached the implied warranty of merchantability and fitness, and proximately and legally caused Decedent, Tina Magrath, to suffer fatal injuries.

41. Plaintiffs are informed, believe and thereon allege that Decedent, Tina Magrath was not required to notify Defendants of said breach of warranties.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants and each of them as follows:

General Damages

1. All medical and incidental expenses, according to proof;
2. For funeral and burial expenses, according to proof;
3. For loss of household services and other economic damages in an amount according to proof;
4. For an award of pain and suffering by Decedent's heirs;
5. For prejudgment interest on all amounts claimed;
6. For cost of suit incurred herein;
7. For exemplary or punitive damages against Defendants Medtronic MiniMed, Inc. and Medtronic, Inc. as provided by law; and

///

///

8. For such other and further relief as this Court may deem just and proper.

Dated: January 3, 2019

GIRARDI KEESE

By: [signature]
James G. O'Callahan
Attorneys for Plaintiffs

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial on claims so triable.

Dated: January 3, 2019

GIRARDI KEESE

By: [signature]
James G. O'Callahan
Attorneys for Plaintiffs